NO. 25-142

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LIBERTY UNIVERSITY, INC.

*Petitioner-Defendant*

v.

ELLENOR ZINSKI,

*Respondent-Plaintiff.*

On Appeal from the United States District Court for the Western District of
Virginia, Case No. 6:24-cv-00041-NKM-CKM

## RESPONDENT'S ANSWER TO PETITIONER'S APPLICATION FOR
## PERMISSION TO APPEAL UNDER 28 U.S.C. § 1292(b)

MATTHEW CALLAHAN
WYATT S.M. ROLLA
EDEN HEILMAN
ACLU FOUNDATION OF VIRGINIA
P.O. Box 26464
Richmond, VA  23261
(804) 644-8080

PAUL M. FALABELLA
SAMANTHA R. GALINA
BUTLER CURWOOD PLC
140 VIRGINIA STREET, SUITE 302
Richmond, VA 23219
(804) 648-4848

*Attorneys for Respondent-Plaintiff*

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

FACTS ............................................................................................................... 2

PROCEDURAL BACKGROUND ...................................................................... 3

ARGUMENT ...................................................................................................... 4

I.   This Court Should Not Grant An Interlocutory Appeal To Consider
Liberty's Argument Under Sections 702 and 703 of Title VII. ........................... 4

   A.   There Is No Substantial Ground For Difference Of Opinion As To the
Application of Sections 702 and 703 To This Case. ........................................ 5

   B.   Granting An Appeal On Sections 702 and 703 Would Not Materially
Advance The Termination of The Litigation. ................................................... 9

   C.   Prudential Considerations Weigh Against Granting This Petition ........... 12

II.   Liberty Fails to Establish Any Other Basis for Interlocutory Appeal under 28
U.S.C. §1292(b). ............................................................................................... 13

CONCLUSION ................................................................................................. 16

# TABLE OF AUTHORITIES

## CASES

*Billard v. Charlotte Cath. High Sch.*,
  101 F.4th 316, 327–29 (4th Cir. 2024)......................................... passim

*Bostock v. Clayton County*, 590 U.S. 644 (2020)............................. 1, 6, 9

*Boyd v. Harding Acad. of Memphis, Inc.*,
  88 F.3d 410 (6th Cir. 1996)................................................................ 8

*Coopers & Lybrand v. Livesay*,
  437 U.S. 463 (1978) ........................................................................... 2

*EEOC v. Fremont Christian Sch.*,
  781 F.2d 1362 (9th Cir. 1986)........................................................... 8

*Fannin v. CSX Transp., Inc.*,
  873 F.2d 1438 (4th Cir. 1989)......................................................... 10

*Fitzgerald v. Roncalli High Sch., Inc.*,
  73 F.4th 529 (7th Cir. 2023)............................................................. 8

*Goode v. Cent. Va. Legal Aid Soc'y, Inc.*,
  807 F.3d 619 (4th Cir. 2015) .......................................................... 11

*Goodman v. Archbishop Curley High Sch., Inc.*,
  195 F. Supp. 3d 767 (D. Md. 2016) ................................................ 10

*Hosanna-Tabor Evangelical Lutheran Ch. & Sch. v. EEOC*,
  565 U.S. 171 (2012)......................................................................... 14

*In re Apex Express Corp.*, 190 F.3d 624 (4th Cir. 1999)................... 14

*In re Flor*, 79 F.3d 281 (2d Cir. 1996) ............................................... 9

*In re Trump*, 874 F.3d 948 (6th Cir. 2017)......................................... 4

*Int'l Refugee Assistance Project v. Trump*,
  404 F. Supp. 3d 946 (D. Md. 2019) ................................................. 9

*Johnson v. Jones*, 515 U.S. 304 (1995) ............................................ 11

*Keena v. Groupon, Inc.*, 886 F.3d 360 (4th Cir. 2018)....................... 4

*Kennedy v. St. Joseph's Ministries*, 657 F.3d 189 (4th Cir. 2011) ...... 2, 6

*Maryland v. Wilson*, 519 U.S. 408 (1997) .......................................... 8

*McClure v. Salvation Army*, 460 F.2d 553 (5th Cir. 1972) ................... 7

*McCray v. Pee Dee Reg'l Transp. Auth.*,
  263 F. App'x 301 (4th Cir. 2008) .................................................... 14

*Myles v. Laffitte*, 881 F.2d 125 (4th Cir. 1989) ............................. 2, 5, 13

*Our Lady of Guadalupe Sch. v. Morrisey-Berru,*
  140 S. Ct. 2049 (2020) ....................................................... 14
*PDK Lab'ys Inc. v. U.S. D.E.A.*, 362 F.3d 786 (D.C. Cir. 2004)........................... 13
*Peabody Holding Co., LLC v. United Mine Workers of Am., Int'l Union,*
  *Unincorporated Ass'n*, 815 F.3d 154 (4th Cir. 2016) ........................................ 11
*Rayburn v. General Conference of Seventh-Day Adventists*,
  772 F.2d 1164 (4th Cir. 1985)................................................ 6
*Richardson v. Kornegay*, 3 F.4th 687 (4th Cir. 2021) ........................................... 14
*Simpson v. Norfolk S. Ry. Co.*,
  No. 2:19-CV-17, 2020 WL 6047695 (W.D. Va. Oct. 9, 2020)........................... 8
*Starkey v. Roman Cath. Archdiocese of Indianapolis, Inc.*,
  41 F.4th 931 (7th Cir. 2022)................................................. 8, 12
*Tucker v. Faith Bible Chapel Int'l*, 53 F.4th 620 (10th Cir. 2022) ....................... 14
*United States ex rel. Michaels v. Agape Senior Cmty., Inc.*,
  848 F.3d 330 (4th Cir. 2017)................................................. 5
*Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199 (1996) ........................... 14

## STATUTES

28 U.S.C. § 1292(b)..................................................................... passim
42 U.S.C. §§ 2000e-1(a) and 2000e-2(e) ("Sections 702 and 703").............. passim
42 U.S.C.§§ 2000e *et seq* ......................................................... 6

## TREATISES

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
  § 3930 (3d ed. 2002) ........................................................ 4

## INTRODUCTION

Respondent-Plaintiff Ellenor Zinski was terminated from her role as a full-time employee of the IT Helpdesk at Liberty University for the express reason that she transitioned from living in accordance with the male sex assigned to her at birth to living consistent with her female gender identity.

The Supreme Court held in *Bostock v. Clayton County*, 590 U.S. 644 (2020), that this type of sex discrimination is prohibited by Title VII of the Civil Rights Act of 1964. Ms. Zinski filed a single count lawsuit alleging sex discrimination under Title VII; she has not alleged any type of religious discrimination. Petitioner-Defendant Liberty University argues that 42 U.S.C. §§ 2000e-1(a) and 2000e-2(e) ("Sections 702 and 703") provide a categorical bar from liability for all religious institutions, like itself, even when their purported religious reasons for termination infringe upon a Title VII protected class, such as sex in this case. Liberty's assertions find no support in case law from any jurisdiction in this nation and thus should be given no weight. The district court denied Liberty's Motion to Dismiss on the Section 702 and 703 grounds as well as on every other defense raised in its motion.

Liberty is now seeking the extraordinary path of an interlocutory appeal at the motion-to-dismiss stage. "It is generally understood that § 1292(b) of Title 28 'should be used sparingly'" and "reserved for 'exceptional circumstances [that] justify a departure from the basic policy of postponing appellate review until after

the entry of final judgment.'" *Kennedy v. St. Joseph's Ministries*, 657 F.3d 189, 197 (4th Cir. 2011) (quoting *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989) & *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

This Court ought not be persuaded by Liberty's argument. Two of the three statutory factors that guide this Court's discretion in accepting an appeal—whether there are substantial grounds for difference of opinion on the district court's holdings and whether an appeal would materially advance the resolution of the case—weigh against Liberty. Further, as a prudential consideration, the broad scope of Liberty's statutory interpretation argument favors this Court withholding its appellate jurisdiction until the parties have engaged in discovery and a factual record has been developed, the Court has ruled on any motions for summary judgment, and a final judgment has been rendered.

## FACTS

Ms. Zinski was hired in February 2023 as a full-time Information Services Apprentice at the IT helpdesk at Liberty University. Dist. Ct. ECF 1 at ¶ 10. When she was first hired, Ms. Zinski went by the name Jonathan Zinski. *Id.* Ms. Zinski succeeded in her role, assisting students and staff with IT issues, trouble-shooting problems with classroom equipment, and performing computer-related administrative tasks (e.g., refilling printer paper). *Id.* at ¶ 11. On July 5, 2023, Ms. Zinski notified Liberty that she identified as a transgender woman and she would be

legally changing her name to Ellenor. *Id.* at ¶ 14. On August 8, 2023, Liberty called a meeting between Ms. Zinski, Chief Information Officer and Executive VP for Analytics, John Gauger, and Executive Vice President of Human Resources, Steve Foster. *Id.* at ¶ 18. Mr. Foster advised Ms. Zinksi that her employment was terminated effective immediately because of her transition from living as her sex assigned at birth to living consistent with her female gender identity. *Id.* Liberty provided Ms. Zinski with a letter outlining its decision and advising her that her employment was terminated. *Id.*

## PROCEDURAL BACKGROUND

Ms. Zinski filed a single count lawsuit alleging sex discrimination under Title VII. Dist. Ct. ECF 1.  In response to Ms. Zinski's Complaint, Liberty filed a motion to dismiss raising five defenses, claiming that Ms. Zinski's claims were barred by Sections 702 and 703 of Title VII, the First Amendment's ecclesiastical abstention doctrine, the Religious Freedom Restoration Act ("RFRA") the First Amendment's ministerial exception and the First Amendment's freedom of association. Dist. Ct. ECF 11. The court denied Liberty's Motion to Dismiss in its entirety. Dist. Ct. ECF 37. Liberty sought and received a certification from the district court to petition this Court to hear an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Dist. Ct. ECF 41, 58. Liberty now asks this Court to agree to interlocutory review prior to the

development of any factual record in order to adopt its unprecedented view of Sections 702 and 703.

## ARGUMENT

I.    **This Court Should Not Grant An Interlocutory Appeal To Consider Liberty's Argument Under Sections 702 and 703 of Title VII.**

Once a district court has certified an order for interlocutory appeal under 1292(b), this Court has discretion to determine whether or not to take the appeal. 28 U.S.C. § 1292(b); *Keena v. Groupon, Inc.*, 886 F.3d 360, 363 (4th Cir. 2018). In considering whether or not to exercise its discretion, the Court should consider whether the order subject to such an appeal "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). For the circuit court, these factors "should be treated as *guiding criteria* rather than *jurisdictional* requisites." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3930 (3d ed. 2002) (emphasis in original).

As noted below, neither prudential considerations nor the 1292(b) factors favor granting this petition. Ms. Zinski does not dispute that the question of whether Sections 702 and 703 apply is a controlling question of law for this case. This Court should nonetheless reject Liberty's petition because there is no substantial ground

for difference of opinion as to the application of Sections 702 and 703 here, and because granting this appeal would be more likely to delay the resolution of the litigation than to resolve it. In addition, this Court should exercise its discretion to deny this petition because judicial restraint favors resolving this case on grounds other than the application of Sections 702 and 703 if possible. *See Billard v. Charlotte Cath. High Sch.*, 101 F.4th 316, 327–29 (4th Cir. 2024) (holding that a religious institution prevailed against an employment claim based on its Constitutional ministerial exception defense, and declining to rule on statutory Sections 702 and 703 defenses that if adopted would have constituted a significant shift in law). A full picture of the grounds available to resolve this case will be available only after a final judgment.

This Court has cautioned time and time again "'that § 1292(b) should be used sparingly and thus that its requirements must be strictly construed.'" *United States ex rel. Michaels v. Agape Senior Cmty., Inc*., 848 F.3d 330, 340 (4th Cir. 2017) (quoting *Myles,* 881 F.2d at 127). The circumstances presented in Liberty's petition do not meet that high bar.

### A. There Is No Substantial Ground For Difference Of Opinion As To the Application of Sections 702 and 703 To This Case.

This Court should not accept the appeal because there is no substantial ground for difference of opinion on the application of Sections 702 and 703 to this case.

This case is governed by Fourth Circuit and Supreme Court precedent. As the district court noted in its order denying Liberty's Motion to Dismiss, the Supreme Court has clearly held that discrimination on the basis of transgender status is discrimination on the basis of sex and is prohibited under Title VII. Dist. Ct. ECF 37 at 35; *see also* 42 U.S.C.§§ 2000e *et seq*.; *Bostock*, 590 U.S. 644. Binding precedent from this Circuit has held that Sections 702 and 703 do not immunize religious employers from sex discrimination claims by their employees. *See Rayburn v. General Conference of Seventh-Day Adventists*, 772 F.2d 1164, 1166–67 (4th Cir. 1985) (internal citations omitted); *Kennedy*, 657 F.3d at 192. This Court in *Kennedy v. St. Joseph's Ministries* held "the plain language of § 2000e-1(a) exempts religious organizations []from Kennedy's claims of *religious discrimination*." 657 F.3d 189, 196 (4th Cir. 2011) (emphasis added). However, the Court was clear, "Section 2000e-1(a) *does not exempt* religious organizations from Title VII's provisions barring discrimination on the basis of race, *gender*, or national origin." *Kennedy,* 657 F.3d at 192 (emphasis added). The district court echoed this precedent in holding that "religious institutions cannot discriminate on the basis of sex, even if motivated by religion." Dist. Ct. ECF 37 at 39.

Liberty asks this Court to interpret Sections 702 and 703 of Title VII so broadly as to permit it to terminate any employee who was, in its estimation, "in violation of Liberty University's sincere religious convictions, Doctrinal Statement,

6

and religiously based employment requirements," including for discrimination on the basis of sex. Dist. Ct. ECF 16-1 at 4. Doing so would "allow the exemptions in Sections 702 and 703 to swallow Title VII whole, exempting religious institutions wholesale and stripping religious employees of any Title VII protection whatsoever." Dist. Ct. ECF 37 at 41. As the district court noted in its Certification Order, "no majority of a federal circuit court has endorsed Liberty's view of the issue." Dist. Ct. ECF 57 at 9. Liberty cites to none in its petition. The only majority opinion cited by Liberty actually supports Respondent's position; the Fifth Circuit held that it was unable to "determine whether the exemption of § 702 applies" and quoted its earlier opinion in *McClure v. Salvation Army* to say that: "The language and the legislative history of § 702 compel the conclusion that Congress did not intend that a religious organization be exempted from liability for discriminating against its employees on the basis of race, color, *sex* or national origin with respect to their compensation, terms, conditions or privileges of employment." *Id.* at 484 (quoting *McClure v. Salvation Army*, 460 F.2d 553, 558 (5th Cir. 1972)) (emphasis added).

The separate opinions that Liberty—and the district court, in certifying its Order for appeal—rely on to support the "difference of opinion" factor of § 1292(b) are not relevant to the analysis, nor do they constitute differences of opinion that this Court must consider. "[S]ubstantial ground for difference of opinion arises only if

the disagreement on controlling law exists between *courts* rather than parties."
*Simpson v. Norfolk S. Ry. Co*., No. 2:19-CV-17, 2020 WL 6047695, at *3 (W.D. Va.
Oct. 9, 2020) (emphasis added). Separate opinions are not binding precedent.
*Maryland v. Wilson*, 519 U.S. 408, 412-13 (1997). Such opinions therefore cannot
represent a disagreement among courts, because no court can be said to have adopted
the contents of a separate opinion. Just as litigants are bound, not by concurrences
or dissents, but by the actual holdings of a court, this Court should not elevate non-
binding statements with no legal power of their own into a "substantial grounds for
difference of opinion." The district court's reference to Judge Easterbrook's and
Judge Brennan's separate writings should be afforded no weight for this reason. *See
Starkey v. Roman Cath. Archdiocese of Indianapolis, Inc.*, 41 F.4th 931, 946 (7th
Cir. 2022) (Easterbrook, J., concurring); *Fitzgerald v. Roncalli High Sch., Inc*., 73
F.4th 529, 534-35 (7th Cir. 2023) (Brennan, J., concurring).

This is particularly true where the interpretation of law advanced by Liberty
represents a radical departure from established law. As the district court noted in its
holding rejecting Liberty's argument under Sections 702 and 703, the district court's
interpretation here "conforms with several circuit courts who have addressed a
similar issue." Dist. Ct. ECF 37 at 38 & n.38 (citing as examples *EEOC v. Fremont
Christian Sch.*, 781 F.2d 1362 (9th Cir. 1986) & *Boyd v. Harding Acad. of Memphis,
Inc.*, 88 F.3d 410 (6th Cir. 1996)). Liberty urges an interpretation of Sections 702

and 703 favored by the dissent in *Billard v. Charlotte Catholic High School*, but the majority opinion refers to that position as "a reworking of Fourth Circuit precedent to leave all employees of religious institutions subject to forms of discrimination previously – and in every other circuit – prohibited by Title VII." 101 F.4th at 328 n.6. Further, the "mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient" for § 1292(b) certification. *Int'l Refugee Assistance Project v. Trump*, 404 F. Supp. 3d 946, 950 (D. Md. 2019) (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)).

Both Liberty and the district court rely heavily on the Supreme Court's language in *Bostock* noting that the intersection of religious liberty doctrines with Title VII was not before the Court. 4th Cir. 25-142 ECF 2-1 at 7, Dist. Ct. ECF 37 at 35-36. However, the quoted language does not express a position on the scope of Sections 702 and 703. Rather, that language, like all such dicta, merely emphasizes the scope of the current holding. The Court should continue to apply the reasoning of binding precedent to the cases before it, just as it does with other cases.

## B. Granting An Appeal On Sections 702 and 703 Would Not Materially Advance The Termination of The Litigation.

Granting this appeal would not result in the guaranteed resolution of this litigation but would rather prolong it. Section 1292(b) requires that an interlocutory appeal must "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Both Liberty and the district court assert that, because a decision

for Liberty on appeal would terminate the litigation, this factor favors granting an interlocutory appeal. 4th Cir. 25-142 ECF 2-1 at 20-21, Dist. Ct. ECF 57 at 4-5.

Yet this Court has noted that "the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, *whichever way it goes*." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438 (4th Cir. 1989) (emphasis added). Clearly, this is not true here, since this appeal would advance the litigation only if the Court rules for Liberty. If the Court affirms the district court's holding on Sections 702 and 703, the case would continue in the district court and this appeal would serve only to prolong the litigation.

A ruling for Liberty is unlikely here because of the considerable novelty of Petitioner's argument. As noted above, this Court has recently held that the broad interpretation of Sections 702 and 703 urged by Liberty would represent "a reworking of Fourth Circuit precedent to leave all employees of religious institutions subject to forms of discrimination previously – and in every other circuit – prohibited by Title VII." *Billard*, 101 F.4th at 328 n.6. A party advancing such a "novel interpretation" of religious exemption law is not entitled to an interlocutory appeal because "it is very likely ... that interlocutory appeal would only delay the litigation process." *Goodman v. Archbishop Curley High Sch., Inc.,* 195 F. Supp. 3d 767, 774 (D. Md. 2016). As in *Goodman v. Archbishop Curley High School*, the Petitioner

here has "cited no case, nor is this Court aware of any, holding that the exemption has the effect of barring any employment discrimination or retaliation claim, by even a non-ministerial employee, from proceeding against a religious employer who has offered a religious justification for its actions." *Id.*

Because Liberty lacks controlling authority to justify such a ruling, an appeal threatens instead to prolong the litigation by delaying fact discovery, summary judgment, and trial. Refraining from interlocutory appeals "preserves judicial economy by ensuring that a district court maintains authority over a case until it issues a final and appealable order, thus preventing piecemeal litigation and repeated appeals." *Peabody Holding Co., LLC v. United Mine Workers of Am., Int'l Union, Unincorporated Ass'n,* 815 F.3d 154, 160 (4th Cir. 2016) (quoting *Goode v. Cent. Va. Legal Aid Soc'y, Inc.,* 807 F.3d 619, 625 (4th Cir. 2015)). The Supreme Court examined the very problem that the parties would face should a case like this be certified. "An interlocutory appeal can make it more difficult for trial judges to do their basic job--supervising trial proceedings. It can threaten those proceedings with delay, adding costs and diminishing coherence. It also risks additional, and unnecessary, appellate court work either when it presents appellate courts with less developed records or when it brings them appeals that, had the trial simply proceeded, would have turned out to be unnecessary." *See Johnson v. Jones*, 515 U.S. 304, 309 (1995).

## C. Prudential Considerations Weigh Against Granting This Petition

Judicial restraint also weighs against taking up the question of the scope of Sections 702 and 703 at this early stage of the case. In the recent case *Billard v. Charlotte Catholic High School*, this Court considered an argument about the scope of Sections 702 and 703 that mirrors Liberty's argument here. The Court noted that such an "interpretation of Title VII's religious exemption would be wide-ranging indeed," applying to "not only the relatively small number of employees with a claim to ministerial status, but also the hundreds of thousands of groundskeepers, custodians, administrative personnel, and the like that all agree fall outside the ministerial exception." *Billard*, 101 F.4th at 327–28. Because of the "breadth and novelty of [the Petitioner's] statutory defenses," this Court held that "prudence" and "judicial restraint" urged it to decide the case on the narrower grounds of the ministerial exception. *Id*. at 327–29. Indeed, the Court noted that the ministerial exception defense was so well-developed in contrast to Title VII jurisprudence that "'starting with a constitutional question' – the ministerial exception – 'rather than the statute' has become 'the norm in cases of this kind.'" *Id*. (quoting *Starkey*, 41 F.4th at 945 (Easterbrook, J., concurring)).

Such is the case here. Liberty's argument about the scope of Sections 702 and 703 is similarly unprecedented and would have similar wide-ranging effects, upending the landscape of employment discrimination law. Yet, by granting an

appeal at this early stage, this Court would be forced to rule on the Sections 702 and 703 defense. The "cardinal principle of judicial restraint" is "if it is not necessary to decide more, it is not necessary to decide more" and courts should "go no further." *PDK Lab'ys Inc. v. U.S. D.E.A.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment). Judicial restraint favors waiting for a final judgment, at which point this Court will be able to assess all options for its holding and assess the narrowest grounds for its ruling. This Court should not exercise its discretion to resolve such an important statutory question unnecessarily and prematurely.

## II. Liberty Fails to Establish Any Other Basis for Interlocutory Appeal under 28 U.S.C. §1292(b).

Liberty identifies five "questions presented" in its Application for Permission to Appeal, but proceeds to argue only one of them in earnest and the district court only found that the first question is appropriate for certification. 4th Cir. 25-142 ECF 2-1 at 11-12 & n.4. Liberty's additional arguments do not provide a sufficient basis for interlocutory appeal because they do not satisfy the requirements under § 1292(b).

This Court has warned that "§ 1292(b) should be used sparingly and . . . its requirements must be strictly construed." *Myles*, 881 F.2d at 127. Because Liberty limits its argument to only the question of whether Sections 702 and 703 of Title VII bar this case, Liberty has waived any argument that invokes the other defenses as

grounds for this Court to hear this appeal. *See Richardson v. Kornegay*, 3 F.4th 687, 700 (4th Cir. 2021) ("acknowledg[ing]" but not arguing a legal issue on appeal waives the issue); *McCray v. Pee Dee Reg'l Transp. Auth.*, 263 F. App'x 301, 303 n.2 (4th Cir. 2008) (citing *In re Apex Express Corp.*, 190 F.3d 624, 630 n.5 (4th Cir. 1999)).

Liberty's waiver extends only to this petition, however – if this Court were to grant Liberty's Petition, all issues decided in the district court's motion-to-dismiss order would be before this Court, *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996), and Liberty has indicated in its Petition an intent to brief and argue all of them. 4th Cir. 25-142 ECF 2-1 at n.4.

Such a grant would result in the waste of the resources of both the parties and this Court. As the district court repeatedly noted, Liberty's remaining questions presented are not ripe for decision at the motion-to-dismiss stage, requiring further factual development. Dist. Ct. ECF 37 at 46-47.

The ministerial exception defense requires a "case-by-case fact-intensive inquiry, as the Supreme Court has clearly recognized," into whether the plaintiff was properly a minister. *Tucker v. Faith Bible Chapel Int'l*, 53 F.4th 620, 623 (10th Cir. 2022) (citing *Our Lady of Guadalupe Sch. v. Morrisey-Berru*, 140 S. Ct. 2049, 2063, 2066-67 (2020) & *Hosanna-Tabor Evangelical Lutheran Ch. & Sch. v. EEOC*, 565 U.S. 171, 190-94 (2012)). Relying on the "fact intensive" nature of the ministerial

exception, the district court noted that "the defense is typically litigated at the motion for summary judgment stage" and on that basis found that Liberty had not demonstrated an entitlement to the defense "at this stage of the litigation." Dist. Ct. ECF 37 at 47. Because the ministerial exception is an affirmative defense from liability and not a jurisdictional bar, the defense is properly raised and adjudicated at a later stage of the case. *Id*.

Additionally, the district court noted that Liberty failed to demonstrate an entitlement to its RFRA defense "at this stage of the case," *i.e.*, before discovery. Dist. Ct. ECF 37 at 45. Asking this Court to weigh in with appellate jurisdiction to decide whether or not RFRA applies to this case before Liberty has even demonstrated an entitlement to such a defense would be a waste of judicial resources and would create the kind of piecemeal litigation that the appellate courts are instructed to avoid.

The parties have yet to even exchange discovery responses or take depositions, all of which would provide the necessary facts for the court to decide if Ms. Zinski was a minister or whether Liberty can demonstrate the substantial burden to its religious beliefs necessary to invoke RFRA. To force the parties to brief those issues and the Court to consider them prematurely – as would be required if this appeal were granted – would be to waste the resources of both the parties and the appellate court.

**CONCLUSION**

For the foregoing reasons, this Court should deny Petitioner's Application

for Permission to Appeal Under 28 U.S.C. § 1292(b).

Dated: April 25, 2025                    Respectfully submitted,

                                         /s/ Matthew Callahan

MATTHEW CALLAHAN                         PAUL M. FALABELLA
WYATT S.M. ROLLA                         SAMANTHA R. GALINA
EDEN HEILMAN                             BUTLER CURWOOD PLC
ACLU FOUNDATION OF VIRGINIA              140 VIRGINIA STREET, SUITE 302
P.O. Box 26464                           Richmond, VA 23219
Richmond, VA  23261                      (804) 648-4848
(804) 644-8080

                                         *Attorneys for Respondent-Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), the undersigned hereby certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 5(c)(1).

1.      Exclusive of the exempted portions of the brief, as provided in Fed. R. App. P. 32(f), the brief contains 3,743 words.

2.      The brief has been prepared in proportionally spaced typeface using Microsoft Word for Office 365 in 14 point Times New Roman font.  As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.


April 25, 2025                                   _/s/_ Matthew W. Callahan

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2025, I will electronically file the foregoing

with the Clerk of the Court using the CM/ECF system, which will send a

notification of such filing (NEF) to all counsel of record.


April 25, 2025                                        */s/* Matthew W. Callahan